# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| WENDELL HARRIS, Administrator of Estate of LaFerre Washington Harris, Deceased, and on behalf of LaFerre Washington Harris, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )     No. 2:19-cv-02397-JTF-jay |
| | ) |
| MIDTOWN CENTER FOR HEALTH AND REHABILITATION, LLC d/b/a MIDTOWN CENTER FOR HEALTH AND REHABILITATION; MC CONSULTING, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

_____

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
_____

On June 21, 2019, Defendants Midtown Center for Health and Rehabilitation, LLC d/b/a/ Midtown Center for Health and Rehabilitation and MC Consulting, LLC ("Defendants") filed a Motion to Compel Arbitration and Stay the Case. (ECF No. 11.) On July 10, 2019, Defendants filed a Motion for Discovery Regarding Arbitration. (ECF No. 16.) On July 11, 2019, the matters were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 6, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the Defendants' Motion to Conduct Discovery Regarding Arbitration be granted and that the Defendants' Motion to Compel Arbitration and Stay Lawsuit be denied without prejudice. (ECF No. 27.) No objections were filed by either party.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

## FACTUAL HISTORY

The Magistrate Judge's Report and Recommendation offers a background of the case as proposed findings of fact to which Plaintiff has not objected. (ECF No. 27, p. 2–3.) As such, the Court adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## ANALYSIS

The Magistrate Judge conducted a thorough overview of arbitration agreements, specifically the arbitration agreement at issue in this case. The recommendation reached by the Magistrate Judge is that because the validity of the arbitration agreement is at issue, limited discovery should be undertaken to allow the Court to make a later determination as to whether Plaintiff had the authority to execute the arbitration agreement on behalf of LaFerre Harris. The

Magistrate Judge further recommended that discovery be limited to ninety (90) days and restricted to six topics: (1) any power of attorney, durable power of attorney, surrogate form or other form creating or intimating an agency or surrogate relationship between LaFerre Harris and Mavis Harris; (2) any conversations or other evidence regarding the admission of LaFerre Harris to Midtown Center for Health and Rehabilitation; (3) the basis for the representation of Mavis Harris that she had oral permission to sign the arbitration agreement at issue; (4) any evidence regarding the competency of LaFerre Harris before, during and after his admittance; (5) any evidence showing a pattern and practice of agency acts by Mavis Harris; and (6) any information or conversations with LaFerre Harris regarding admissions or the arbitration agreement. (ECF No. 27, p. 4.)

Upon clear error review of the Magistrate Judge's Report and Recommendation and the Motions filed by Defendants, the Court finds that the Magistrate Judge's legal conclusions are correct, and the Report and Recommendation should be adopted in its entirety.

## CONCLUSION

Upon a clear error review, the Court ADOPTS the Magistrate Judge's Report and Recommendation, and orders Defendants' Motion to Compel Arbitration and Stay this Case (ECF No. 11) be DENIED without prejudice and Defendants' Motion for Discovery Regarding Arbitration (ECF No. 16) be GRANTED.

**IT IS SO ORDERED** on this 27th day of September 2019.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE