## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **WENDELL HARRIS, Administrator of Estate of LaFerre Washington Harris, Deceased, and on behalf of LaFerre Washington Harris,** | ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 2:19-cv-02397-JTF-jay** |
| **MIDTOWN CENTER FOR HEALTH AND REHABILITATION, LLC d/b/a MIDTOWN CENTER FOR HEALTH AND REHABILIATION and MC CONSULTING, LLC,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL

Before the Court is the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery and Denying Defendants' Motion for Protective Order. (ECF No. 151.) The Court referred the underlying Motion to Compel, (ECF No. 140), to the Magistrate Judge on July 21, 2022, (ECF No. 144). The Magistrate Judge entered a comprehensive Order on November 1, 2022. (ECF No. 151.) Defendant Midtown Center for Health and Rehabilitation, LLC ("Midtown") filed objections to the order on November 15, 2022, challenging three of the Magistrate Judge's holdings. (ECF No. 155.) Plaintiff Wendell Harris filed a response to those objections on November 29, 2022. (ECF No. 157.) This response was followed by a

1

supplemental response by Midtown on December 12, 2022, (ECF No. 159), and a reply to that supplement by Harris on December 16, 2022, (ECF No. 161). For the following reasons, Midtown's Objections are **OVERRULED**.

## I.      BACKGROUND

A comprehensive account of the underlying facts is not necessary for the present motion. In brief, Plaintiff Wendell Harris has alleged that Defendant Midtown was negligent in their care of his father, LaFerre Harris, during his residency at Midtown's facility from February 2018 to August 16, 2018. (ECF No. 1, 10.) LaFerre Harris was transferred on August 16 to Methodist University Hospital, where he died nine days later. (*Id.*) While Harris does not allege that Midtown's negligence caused or contributed to his father's death, he does allege that their negligence caused injuries that in turn caused his father pain, suffering, and mental anguish. (*Id.* at 11-13.)

This order concerns a Motion to Compel that was filed on July 20, 2022. (ECF No. 140.) In that Motion, Harris included thirty requests for production. Midtown responded to each with objections. The Motion was referred to the Magistrate Judge on July 21, 2022. (ECF No. 144.) The Magistrate Judge held a hearing on the Motion on October 3, 2022, (ECF No. 150), and issued a written order on November 1, 2022, (ECF No. 151). In this Order, the Magistrate Judge granted most of Harris's requests, but limited the scope of a few while denying others. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72(g)(2), Midtown had fourteen days from service of the Order to appeal to the Court, which they did on November 15, 2022. (ECF No. 155.) Midtown only objects to two specific portions of the Magistrate Judge's Order, each outlined below.

First, in Harris's First Production Request, Request Nos. 10 and 11 asked for "Annual Reports for all management, ownership, or corporate entities to the facility for the year of 2018

2

and all federal and state income tax returns for Defendants for 2018." (ECF No. 151, 7.) Harris

stated that these materials were required to establish that Midtown had focused on profits rather

than adequate staffing of the facility, as well as to demonstrate an alter ego theory of liability

between two of the defendants. (*Id.*) Midtown stated that the requests were irrelevant, vague,

confusing, and overly broad, and that tax returns were subject to a heightened discoverability

standard. (*Id.*) The Magistrate Judge disagreed, stating that "relevance is the only required showing

in order to compel disclosure of tax returns." (*Id.*) The Magistrate Judge went on to hold that the

requested documents are relevant, and that Midtown had merely offered "boilerplate objections"

which were insufficient to carry their burden to prevent discovery.

> Second, in Harris's Third Production Request, Request No. 27 requested the following:

> [A]ll e-mail transmissions to or from the Administrator and/or Director of Nursing
> of the facility to or from any employee, agent, or representative regarding staffing
> issues, payroll management, consumer, resident, or employee suggestions or
> complaints at the facility, the transfer or discharge of residents to the hospital, the
> acceptance of patients from the hospital, marketing to hospitals to acquire or admit
> residents to the facility, the census at the facility, concerning Mr. Harris, and
> nursing competency or drug or alcohol use by the nursing staff.

(ECF No. 140, 18.) Midtown argued that the request was overly broad, unduly burdensome,

irrelevant, and requested private and protected information. The Magistrate Judge agreed that the

request was too broad as written. However, the Magistrate Judge ordered that Midtown produce (1)

"e-mail communications between administrators, directors of nursing, or any other employee,

agent, or representative that concern Mr. Harris," (2) "e-mails between administrators, directors, or

any other employee, agent, or representative about staffing issues" that were "sent or received

within the year 2018," and (3) e-mails among administrators and staff related to 2018 facility census

reports, given that these census reports had been found discoverable in a previous request. (ECF

No. 151, 24.)

## II.      LEGAL STANDARD

Where a party objects to a Magistrate Judge's order, Federal Rule of Civil Procedure 72 requires district judges to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). However, "a party may not assign as error a defect in the order not timely objected to," meaning that parts of the order not objected to will not be found erroneous. *Id.*; *see also Ford v. Tenn. Senate*, No. 2:06-cv-2031, 2008 WL 4724371, at *1 (W.D. Tenn. Oct. 24, 2008) (stating that a district judge is to defer to an order where it is not objected to). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while his legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *E.E.O.C. v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)). A factual finding is clearly erroneous "when it leaves the reviewing court with a 'definite and firm conviction that a mistake has been committed.'" *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (quoting *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). This means the district court must only "determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable," and should not substitute its own conclusion. *Id.* A legal conclusion is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law," and a district court may "overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Whitney v. City of Milan, Tenn.*, No. 09-1127, 2010 WL 2011663, at *1 (W.D. Tenn. May 20, 2010) (quoting *Hoop v. Warden Ohio Reformatory for Women*, No. 1:06-CV603, 2008 WL 2622989, at *3 (S.D. Ohio Jun. 30, 2008) and *Jones v. Caruso*, No. 1:07-cv-392, 2009 WL 2488052, at *1 (W.D. Mich. Aug. 12, 2009)).

### III. LEGAL ANALYSIS

As a preliminary matter, the Court notes that Midtown's objections state that "The *Order* should not be adopted or followed as to Requests No. 10, 11 and 27[.]" (ECF No. 155, 2.) Midtown thus did not object to any other portion of the Order, and the Court will defer to the Magistrate Judge's holdings as to all other Requests. The Court will now address Request Nos. 10 and 11 first, before turning to Request No. 27.

Request Nos. 10 and 11 seek the following:

**REQUEST NO. 10:** Produce the Annual Reports for all management, ownership, or corporate, entities to the facility for the year 2018.

**REQUEST NO. 11:** Produce federal and state income tax returns for Defendants for the year 2018.

(*Id.*) (cleaned up). Midtown objected to both requests as overly broad, unduly burdensome, disproportionate to the needs of the case, and as calling for the production of private and protected information and for not being reasonably calculated to lead to the discovery of admissible evidence. (*Id.*) Midtown further objected to Request No. 10 for violating the attorney-client and/or work product privilege and for being vague. (*Id.*) Regarding the Magistrate Judge's Order, Midtown argues that the decision "was clearly erroneous and contrary to law in its application of the legal standard applicable to the production of tax returns." (*Id.*) Specifically, they argue that the Magistrate Judge erred by not properly considering *Shelbyville Hospital Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *4 (E.D. Tenn. Mar. 27, 2017).

In *Shelbyville Hospital Corp.*, the Court described a two-part test regarding the discoverability of tax returns, which would require a party to show (1) relevancy and (2) that the information in the tax returns at issue is not obtainable from other sources. *Id.* The Magistrate Judge correctly noted that the *Shelbyville* Court did not adopt this test. The Magistrate Judge also cited

recent district court cases from the Sixth Circuit that have stated Federal Rule of Civil Procedure 26 provides adequate guidance regarding tax returns until the *Shelbyville* test is expressly adopted by the Sixth Circuit. (ECF No. 151, 7.) However, Midtown states that the Magistrate Judge's conclusion was nevertheless contrary to law, since it "ignores the latter part of the same sentence in *Shelbyville Hospital*," which states that courts must be "mindful of the emphasis that [their] sister courts place on public-policy concerns that have unquestionably contributed to this test's emergence." (ECF No. 155, 3) (quoting *Shelbyville Hosp.*, 2017 WL 1155046, at *4). Among these concerns is whether "the party requesting the returns had the full benefit of discovery." (*Id.*) According to Midtown, by not adequately considering that they have already produced "5602 pages of documents" and taken numerous depositions over the three years since the case began, the Magistrate Judge erred by allowing the returns to be produced. "[T]he time to press for the production of such documents has long passed and it is clear that the information that may or may not be contained in such requested documents are not proportional to the needs of the case," they conclude. (*Id.*)

The Magistrate Judge's ruling regarding Request Nos. 10 and 11 was not clearly erroneous or contrary to law, and Midtown's Objection must be **OVERRULED**. It should first be noted that Midtown did not advance an argument regarding the Annual Reports asked for in Request No. 10 beyond restating the boilerplate objections offered in their Response, which were already addressed by the Magistrate Judge. The Court thus defers to the Magistrate Judge's order regarding Request No. 10. Regarding Request No. 11, as the Magistrate Judge correctly noted, in the Sixth Circuit, the correct standard for determining whether tax returns are discoverable is relevance to the claims or defense of any party. (ECF No. 151, 7) (citing *Terrell v. Memphis Zoo, Inc.*, 2018 U.S. Dist. LEXIS 121975, at *11 (W.D. Tenn. 2018); *DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240

6

(6th Cir. 1989)). The Magistrate Judge then cited a prior case finding tax returns relevant to establish an alter ego theory of liability. (*Id.* at 8) (citing *Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 120-21 (S.D. Ohio 1982)). The Court is persuaded that the limited tax returns Harris seeks are relevant both to the alter ego theory and to demonstrate the current financial state or potential profit of the Defendants. *See Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-278, 2011 WL 1990558, at *3 (S.D. Ohio May 23, 2011) ("With respect to the issue of relevancy, courts typically find tax returns to be relevant in actions where a party's income is in issue[.]") Midtown, meanwhile, has only offered an argument against production under a standard that the Sixth Circuit has not adopted. They state that their previous disclosures are adequate and that the three-year delay on Harris's part in seeking the tax returns demonstrates Harris has had the "full benefit" of discovery. This is not the standard regarding discovery. The number of documents a defendant has produced is not a bar on the further discovery of relevant information, and the long delay of discovery in this case is due, in part, to numerous motions to compel arbitration filed by Midtown. Further, *Shelbyville Hospital*, from which this "full benefit" argument is taken, dealt with a situation wherein the party seeking additional discovery did so after the discovery deadline had passed, and after they had previously stated that the discovery they sought was not relevant to the case. *See* 2017 WL 1155046, at *2-3. Harris has had no such "full benefit"; discovery remains ongoing.

In addition to this argument, Midtown offers boilerplate objections that the request is overly broad, unduly burdensome, disproportionate to the needs of the case, as calling for the production of private and protected information, and for not being reasonably calculated to lead to the discovery of admissible evidence. Without detail, these objections are not adequate. Where the party seeking discovery demonstrates relevance, the defendant must *show*, not merely assert, why

the requested discovery is not proportional to the needs of the case. *Walls v. Sterling Jewelers, Inc.*, No. 19-cv-02844-JPM-tmp, 2020 WL 7327326, at *2 (W.D. Tenn. Dec. 11, 2020). Further, nothing in the objections describes how the Magistrate Judge misinterpreted or misapplied an applicable law; the only law cited is not applicable. Given the discretion of a judge in deciding discovery matters and the well supported nature of the Magistrate Judge's holding, the Court is not persuaded that the Magistrate Judge's holding was contrary to law and **OVERRULES** the objection.

The only remaining objection involves Request No. 27, which sought a variety of e-mails from the Defendants. The Order granted but limited the request, in Defendants' language, to "(1) all e-mail communications between administrators, directors of nursing, or any other employee, agent, or representative that concerns Mr. Harris; (2) e-mails between administrators, directors, or any other employee, agent, or representative about staffing issues; and (3) e-mails regarding census reports for the year of 2018[.]" (ECF No. 155, 6.) Midtown states that the production of these e-mails is "still unduly burdensome in that it will be both overtly expensive and time-consuming to obtain the requested scope of e-mails." (*Id.*) Specifically, they state that the emails are stored by a third-party company and that their production will involve retaining another third-party company. In a later supplemental response, Midtown stated that the production would take up to 5 weeks and cost between $10,000 and $12,000. (ECF No. 159.)[1]

After review, the Court does not believe that the Magistrate Judge's holding was clearly erroneous or contrary to law, and hereby **OVERRULES** the objection. The present case concerns an amount in controversy well above the estimated amount and involves allegedly severe personal

---

[1] While Midtown stated in its objections that it would provide an affidavit related to these estimates, no affidavit has been produced. (ECF No. 151, 6 n.1.)

injuries. The amount estimated does not strike Court as unduly burdensome given the relevance of these emails to the present action. Any internal emails related to Mr. Harris's care and potential staffing issues at Midtown are likely to provide extremely relevant evidence that would either support or deny Harris's claims of negligence in care. The limitations also provide adequate guardrails to any runaway production, with a one-year time limit and specific topics related to Harris, his care, staffing issues, and the interpretation of census reports. These are not broad, general terms, but subjects for which searches can be narrowly tailored. Further, Midtown has not provided any cost breakdowns or sworn testimony related to the cost, but merely an estimate contained in a supplemental response. They have not carried their burden to demonstrate an undue burden in producing these e-mails. For the same reason, their brief, footnoted request for cost-shifting must be **DENIED** at this time. Once production has been complete, information regarding the ultimate cost and its potential burden will be much more concrete and accessible, putting the Court in a position to determine whether the burden was undue. *See generally Union Ins. Co. v. Delta Casket Co., Inc.*, No. 2:06-cv-02090-MaV, 2009 WL 10664840, at *6 (W.D. Tenn. Aug. 18, 2009) (determining question of cost shifting once production had occurred).

## IV.   CONCLUSION

For the above reasons and having satisfied itself that none of the Magistrate Judge's holdings are clearly erroneous or contrary to law, the Court hereby **OVERRULES** the Defendants' objections to the Magistrate Judge's order.

**IT IS SO ORDERED** this 31st day of January 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge